IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KATHERINE STARR TAYLOR, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>KILO KIJAKAZI, )<br>Acting Commissioner of the )<br>Social Security Administration, )<br>)<br>Defendant. ) | Case No. CIV–22–82–JAR |

**OPINION AND ORDER**

Plaintiff Katherine Starr Taylor (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is **REVERSED** and the case is **REMANDED** for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if [her] physical or

mental impairment or impairments are of such severity that [she] is not only unable to do his previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (*quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity ("RFC") to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800–01.

### Claimant's Background

The claimant was thirty-five years old at the time of the administrative hearing. (Tr. 24, 63). She possesses at least a high school education. (Tr. 107). She has worked as a collection clerk, retail cashier, and assistant manager. (Tr. 36). Claimant alleges that she has been unable to work since February 24, 2014, due to limitations resulting from blindness or low vision, keratoconus eye disease, severe hypertension, resistant hypertension, "nodular goiter thyroid hyperthyroidism/ endemic goiter," asthma/bronchitis, iron deficiency/ anemia, vitamin D deficiency, "HTN hypertension malignant," hypokalemia and hyponatremia. (Tr. 64).

### Procedural History

On January 25, 2020, Claimant protectively filed for disability insurance benefits pursuant to Title II (42 U.S.C. § 401, et seq.) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, et seq.) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. After an administrative hearing, Administrative Law Judge Bill Jones ("ALJ") issued an unfavorable decision on September 28, 2021. Appeals

Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the residual functional capacity ("RFC") to perform light work with limitations.

### Error Alleged for Review

Claimant asserts the ALJ committed error in improperly (1) considering Claimant's non-severe impairments at step two and beyond, (2) considering Claimant's RFC, (3) considering Claimant's subjective complaints, and (4) concluding Claimant can return to her past relevant work due to a flawed *Winfrey* analysis.

### RFC Determination

In his decision, the ALJ determined Claimant suffered from the severe impairments of blindness in right eye, Hashimoto's, hypothyroidism, asthma, anemia/low iron levels, and hypertension. (Tr. 26). He further determined that Claimant suffered from the non-severe impairments of migraines and recurrent urinary tract infections. (Tr. 27). The ALJ concluded that Claimant retained the RFC to perform light work except that she cannot perform work that requires binocular vision. Additionally, the ALJ found Claimant must avoid concentrated exposure to fumes, odors, dusts, gases, and poor ventilation. (Tr. 27).

After consultation with a vocational expert, the ALJ found that Claimant could perform her past relevant work of a collection clerk, retail cashier, and assistant manager as she actually performed the position and as it is generally performed. (Tr. 36). As a result, the ALJ found Claimant has not been under a disability from February 24, 2014, through the date of the decision, September 28, 2021. (Tr. 36).

Claimant contends that the ALJ failed to properly consider and analyze Claimant's impairments at step two. Claimant argues that the ALJ failed to classify Claimant's medically determinable impairments of migraines and recurrent UTIs as severe at step-two. Further, she contends that the ALJ made no explanation of the reasoning for finding these impairments to be non-severe. Because the ALJ did not explain his reasoning at step-two, Claimant contends that it is clear that the ALJ did not consider these impairments at step two and beyond in his consideration of the RFC.

At step two, Claimant bears the burden of showing the existence of an impairment or combination of impairments which "significantly limits his physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c). A claimant must demonstrate she has a severe impairment that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(1)(D).

The severity determination for an alleged impairment is based on medical

5

evidence alone and "does not include consideration of such factors as age, education, and work experience." *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988). Typically, errors in determining an impairment's severity at step two are harmless and, therefore, not reversible. *Allman v. Colvin*, 813 F.3d 1326, 1330. (10th Cir. 2016). But "a failure to find an impairment medically determinable is essentially a step-four error," which can only be harmless "if the ALJ considered the non-medically determinable impairment in assessing the RFC." *Ray v. Colvin*, 657 F.App'x 733, 734 (10th Cir. 2016)(citing *Wells v. Colvin*, 727 F.3d 1061, 1069 (10th Cir. 2013)).

At step two the ALJ found that Claimant's migraines and recurrent urinary tract infections were nonsevere. He provided that these impairments would not significantly limit Claimants ability to perform work activities "based on relatively few or no symptoms, no complications, and/or the efficacy of conservative treatments." (Tr. 27). However, the ALJ cited to no medical records supporting these positions but rather referred to his later summary of the medical evidence as a whole. (Tr. 27). Nonetheless, the ALJ stated that he considered all of Claimant's medically determinable impairments, severe and nonsevere, during his RFC determination. (Tr. 27).

However, it is not clear to this Court that the ALJ did consider all impairments in his RFC determination as he asserts. Any failure to find Claimant's migraines or urinary tract infections to be severe at step two is only harmless if he considered both impairments in his RFC determination.

6

"[R]esidual functional capacity consists of those activities that a claimant can still perform on a regular and continuing basis despite his or her physical limitations." *White v. Barnhart*, 287 F.3d 903, 906 n.2 (10th Cir. 2001). A residual functional capacity assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence." Soc. Sec. Rul. 96–8p, 1996 WL 374184, *7 (July 2, 1996). The ALJ must also discuss the individual's ability to perform sustained work activities in an ordinary work setting on a "regular and continuing basis" and describe the maximum amount of work-related activity the individual can perform based on evidence contained in the case record. *Id.* He must "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." *Id.* However, there is "no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question." *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012).

During his RFC determination the ALJ summarized the medical evidence of record, including mentions records pertaining to Claimant's migraines and urinary tract infections. However, when the ALJ made the actual determination, he failed to mention how Claimant's impairment of recurrent urinary tract infections was considered in his RFC determination, just as he failed to specifcally explain why he found this condition to be nonsevere at step two. The ALJ erred in analyzing Claimant's medically determinable impairment of

recurrent urinary tract infections at step two and four. On remand, the ALJ shall be explicit in his reasoning for finding medically determinable impairments as nonsevere as well as in his consideration of nonsevere impairments during his RFC determination.

Given that this Court is reversing on the ALJ's improper consideration of nonsevere impairments, it need not address the additional arguments at this time. However, if the ALJ in considering Claimant's nonsevere impairments find an alternative RFC, the ALJ shall conform his step four analysis to the new RFC.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge finds for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be and is **REVERSED** and the case be **REMANDED** for further proceedings.

**DATED** this 29th day of September, 2023.

_____
**JASON A. ROBERTSON**
**UNITED STATES MAGISTRATE JUDGE**